IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ZUHAIR SAAD CHAYAN AL-SUDANI,

    Petitioner,

v.

PAMELA BONDI, in her official capacity as Attorney General of the United States; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; and DORA CASTRO, in her official capacity as Warden of Otero County Processing Center,

    Respondents.

Case No. 2:26-cv-00317-MIS-KRS

## ORDER DENYING RESPONDENTS' MOTION TO EXTEND TIME TO RESPOND AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Zuhair Saad Chayan Al-Sudani's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1. The Court issued the applicable Order to Show Cause, ECF No. 10, on February 9, 2026, wherein Respondents were instructed to expedite their response to the Petition and show cause as to why the requested relief should not be granted by February 12, 2026.

On February 13, 2026, Respondents Pamela Bondi, Mary De Anda-Ybarra, Todd Lyons, and Kristi Noem ("Federal Respondents") filed a Motion to Extend Time to Respond ("Motion"), ECF No. 15. Respondent Dora Castro filed a Notice of Compliance with Order, ECF No. 13, on

February 11, 2026, informing the Court that Respondent Castro took "no positions separate from the USA Respondents…." Id. at 1.

Petitioner filed a Response in Opposition to the Motion to Extend ("Response"), ECF No. 16, on February 16, 2026, asserting that Respondents failed to establish that their failure to meet the Show Cause deadline was the result of excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). Id. at 1-2. Respondents' Motion does not address the excusable neglect standard; nor does it address why Respondents submitted their Motion *after* the deadline to show cause already passed. See generally Mot., ECF No. 15.

Because Counsel for Respondents failed to timely respond and failed to articulate an explanation for their delay sufficient to establish excusable neglect under Rule 6(b)(1)(B), the Court DENIES Respondents' Motion to Extend and will make a ruling on the merits of the Petition without further briefing.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear

and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Respondents' Motion to Extend Time to Respond, ECF No.15, is **DENIED;**

2. Petitioner Zuhair Saad Chayan Al-Sudani's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

3. Respondents are **ORDERED** to immediately release Petitioner from detention;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE